IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Case No. 17-cr-527-PWG** |
| **KELVIN KEVIN HEYWARD** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Kelvin Kevin Heyward's ("Mr. Heyward") motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Mot. to Reduce Sentence, ECF No. 68. Mr. Heyward's motion is based on "extraordinary and compelling reasons" due to an outbreak of COVID-19 at the Federal Medical Center in Lexington Kentucky ("FMC Lexington"), where he is incarcerated.1 Suppl. Mem. 1, ECF No. 79. For the reasons discussed below, the motion is granted.

**Background**

On June 13, 2018, Mr. Heyward was convicted of one count of possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to serve 66 months in prison. ECF No. 62. This 2018 conviction served as the basis for the United States District Court for the District of Columbia finding that Mr. Heyward had violated the terms of his supervised release from a prior conviction, and sentenced Mr. Heyward to twelve months of imprisonment to run consecutively with the 66 month sentence. J. in a Crim. Case for Revocation 2, ECF No. 70-1. He currently has approximately 16 months left on his 78 month sentence (his

---

1 The motion is fully briefed. *See* ECF Nos. 68, 70, 79, and 82. A hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2018).

release is scheduled for November 3, 2021). Def.'s Mem. 2, ECF No. 70; Government's Resp. 1, ECF No. 82.

Mr. Heyward filed this motion for compassionate release in the midst of the global COVID-19 pandemic. He argues, and the Government does not dispute, that Mr. Heyward is a 65-year-old man who suffers from myriad health conditions, including but not limited to: hypertension, chronic viral hepatitis C, peripheral vascular disease, and recently, COVID-19. Supp. Mem. 3. Mr. Heyward has since recovered from the virus, but he argues that he is still considered COVID-positive and is therefore in isolation with limited access to medical care, and "there is no guarantee that he could not become ill with COVID-19 again." Suppl. Mem. 6.

Mr. Heyward asks this Court to modify its judgment by either allowing him to serve the remainder of his sentence on home confinement, or by reducing his sentence to time served. Suppl. Mem. 1. For the reasons discussed below, Mr. Heyward's sentence will be modified to allow him to serve the remainder of his custodial sentence on home confinement.

## Discussion

### I. Compassionate Release

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here Defendant requests a modification of his sentence for "compassionate release" under the First Step Act, as amended.

Congress originally enacted the First Step Act in 1984. *See* Pub. L. No. 98-473, 98 Stat. 2030 (1984). The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director

of the Bureau of Prisons ("BOP").  However, the BOP rarely used this authority.  Accordingly, in 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018).  As amended, the compassionate release provision allows the court to act on a motion for compassionate release filed by a defendant. As revised, 18 U.S.C. § 3582(c)(1)(A) states as follows:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Mr. Heyward requests release based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).  Therefore, under the statute, I must do the following: (1) determine whether Mr. Heyward has fully exhausted all administrative remedies or 30 days have passed since the BOP received his request to bring a motion for release on his behalf; (2) determine whether "extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."

**A. Administrative Exhaustion**

A court may only consider a prisoner's motion for compassionate release if he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A). This condition is satisfied. Defense counsel made a compassionate release request to FMC Lexington on Mr. Heyward's behalf on May 13, 2020, and more than 30 days have since lapsed. Suppl. Mem. 2.

**B. Extraordinary and Compelling Reasons and Sentencing Commission Policy Statements**

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements. 18 U.S.C. § 3582(c)(1)(A). The applicable Sentencing Commission policy statements are found in U.S.S.G. § 1B1.13, which recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including that "the defendant is not a danger to the safety of any other person or to the community." The commentary to the policy statement provides four examples of what constitutes "extraordinary and compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C).

Mr. Heyward argues, and the Government concedes, that his medical conditions put him at heightened risk for suffering severe complications from COVID-19. Def.'s Mem. 16; Government's Resp. 1. Both parties agree that Mr. Heyward meets the "extraordinary and compelling reasons" threshold because of his medical conditions, most of which are recognized as CDC risk factors for contracting COVID-19.[2] The Government points out that it is unclear how

---

[2] CDC, *People Who Are at Higher Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

4

Courts should consider "the CDC risk factors in a situation where an inmate has had – and recovered from – the disease," but Mr. Heyward argues, and the Government does not dispute, that a secondary contraction of COVID-19 is possible.[3]  Government's Resp. 1-2.  Therefore, extraordinary and compelling reasons exist by way of Mr. Heyward's medical conditions.

The Government has informed the Court that it will defer to my ruling.  Government's Resp. 1-2.  While it does not formally oppose compassionate release, the Government raises concerns about Mr. Heyward's criminal history and risk of recidivism, "which bears on both the 'danger' and § 3553 portions of the release analysis."  *Id.* at 2.

If the defendant is a danger to the safety of any other person or to the community, a defendant's sentence may not be reduced pursuant to compassionate release.  A danger to the community need not be physical to weigh against a defendant's release.  *See, e.g.*, *United States v. LaFontaine*, 210 F.3d 125, 134 (2d Cir. 2000) (holding that the potential for witness tampering was a danger to the community sufficient to revoke bail in a fraud case, notwithstanding defendant's lack of a criminal record, threats, or violence); *see also United States v. Reynolds*, 956 F.2d 192, 192–93 (9th Cir. 1992) (finding that pecuniary and economic harms constitute a danger to the community in some situations).

Here, Mr. Heyward has two prior controlled substance convictions, one from 2002 and one from 2012.  Presentence Investigation Report ¶¶ 33, 34, ECF No. 45.  The Government's apprehension is that, based on Mr. Heyward's past drug dealing, "the question would remain whether he, in these economically constrained times, would resume to potentially lucrative activity he has best known." Government's Resp. 2.  Mr. Heyward argues, however, that his release would not pose a danger to the community because he "is elderly and infirm," and because at his 2018

---

[3] Centers for Disease Control, Coronavirus Disease 2019, *available at* https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html.

5

sentencing I found that he was "not a violent person," and had "basically run out of time being in the drug trade." Sent. T. 61-62. While the Government's concerns are legitimate, I agree with Mr. Heyward that at his age he does not pose such a danger to the community as to disqualify him for compassionate release, and I will impose conditions of release that further mitigate the risk of recidivism. First, Mr. Heyward's sentence is not shortened in terms of years, but is instead, converted from institutional confinement into home confinement. Second, Mr. Heyward will submit to location monitoring. Under these conditions, his release does not pose a danger to the community.

### C. Sentencing Factors in 18 U.S.C. § 3553(a)

A finding of "compelling and extraordinary reasons" is a necessary, but not sufficient, condition for compassionate release. This Court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense."

Here, Mr. Heyward was convicted of a serious, but non-violent, drug offense. As discussed above, the Government's concerns about his criminal history are accepted and have factored into the relief that I am ordering.

All told, the § 3553(a) criteria, along with Mr. Heyward's compelling health reasons, are sufficient to justify his early release to serve the remainder of his sentence under home confinement. Mr. Heyward's motion for compassionate release is granted.

### D. Release to Third Party Custodian

The United States Probation Office has not raised any concerns over Mr. Heyward's proposed release plan, which is the following:

> Were Mr. Heyward to be released, he would return home to live with his wife of nearly four decades, Margaret Brooker. He would be eligible for Medicaid, as she is. He would live in their marital home, which they own, in Upper Marlboro, Maryland, and would return to seeing the same primary care physician they both have seen for over twenty years.

Suppl. Mem. 4-5.

## Conclusion

For the foregoing reasons, Mr. Heyward's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) is granted. Mr. Heyward's sentence is reduced to time served and the judgment shall be modified to require that he be placed on home confinement with location monitoring until November 3, 2021, as a condition of supervised release. This will be followed by three years of supervised release. J. in a Crim. Case for Revocation 5 (requiring Mr. Heyward to serve three years of supervised release upon release from imprisonment, to run concurrent to the term of supervised release imposed by this Court for his 2018 conviction). As additional conditions of supervised release, Mr. Heyward is to participate in substance abuse testing and treatment and will be required to comply with all directives of federal and state governments related to COVID-19. An Amended Judgment will be issued separately.

Lastly, the Government requests that if I grant the petition, that Mr. Heyward be detained an additional 14 days "for BOP processing, ensuring the release plan is viable and confirming that the Petitioner does not become re-infected." Government's Resp. 2. However, Deputy Chief Epps of the United States Probation Office has investigated the release plans submitted by Mr. Heyward and has found no concerns, and I order that Mr. Heyward be tested for COVID-19 before release, to alleviate the risk of re-infection once he leaves the BOP facility. Therefore, an additional 14

days of detention is not necessary.

## **ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is this 1st day of July 2020, hereby ORDERED that Defendant's Motion for Compassionate Release, ECF No. 68, is GRANTED.

_____/S/_____
Paul W. Grimm
United States District Judge
